E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6142-GHK (AJWx) | Date | December 19, 2011 |
|---|---|---|---|
| Title | Robert Castro, et al. v. Bank of America Corporation d/b/a BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP, et al. | | |

| Presiding: The Honorable | GEORGE H. KING, U. S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers) Order re:** Motion of Defendants Bank of America, N.A. and Federal National Mortgage Association to Dismiss the First Amended Complaint of Plaintiffs Robert and Lynn Castro

This matter is before the Court on the Motion of Defendants Bank of America, N.A. and Federal National Mortgage Association to Dismiss the First Amended Complaint of Plaintiffs Robert and Lynn Castro ("Motion"). Plaintiffs Robert and Lynn Castro's ("Plaintiffs") First Amended Complaint ("FAC") asserts six claims. Defendants Bank of America, N.A. ("Bank of America"), successor by merger to BAC Home Loans Servicing, LP (erroneously sued as "Bank of America Corporation d/b/a BAC Home Loan Servicing LP f/k/a Countrywide Home Loans Servicing LP"), and Federal National Mortgage Association ("Fannie Mae"; collectively with Bank of America, "Defendants") move to dismiss all six claims. We have considered the arguments in support of and in opposition to the Motion and consider this matter appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts, we will repeat them only as necessary. Accordingly, we rule as follows.

**I.    Legal Standard**

In order to survive dismissal for failure to state a claim, a complaint must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must contain factual allegations sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). In considering a motion to dismiss, we must accept the allegations of the complaint as true and construe them in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). We need not accept as true, however, legal conclusions "cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6142-GHK (AJWx) | Date | December 19, 2011 |
|---|---|---|---|
| Title | *Robert Castro, et al. v. Bank of America Corporation d/b/a BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP, et al.* | | |

      Although review under Rule 12(b)(6) is generally limited to the contents of the complaint, we may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Thus, "[e]ven if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the . . . document forms the basis of the plaintiff's claim." *Id.* This "incorporation by reference doctrine" has been extended "to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

      Here, Defendants have attached four documents to their Motion and request that we take judicial notice of these documents: a Deed of Trust (Request for Judicial Notice ("RFJN"), Exh. A), a Notice of Default (RFJN, Exh. B), a Corporation Assignment of Deed of Trust ("Assignment") (RFJN, Exh. C), and a Notice of Trustee's Sale (RFJN, Exh. D). Plaintiffs object to the authenticity of Exhibits B-D.[1] Specifically, they allege that Defendants "execut[ed] and fil[ed] a fabricated Assignment of Deed of Trust." (FAC ¶ 25). They allege that the Assignment was fabricated because it was "purportedly signed by 'T. Sevillano' as the 'Assistant Secretary' of Countrywide," and "'T. Sevillano' was not an employee of of [sic] Countrywide, but in fact an employee of ReconTrust Co." (FAC ¶ 26). Plaintiffs appear to argue that any foreclosure-related documents, such as Exhibits B and D, are not legitimate based on the fabricated Assignment. As Plaintiff objects to the authenticity of these documents, we cannot take judicial notice of Exhibits B-D to Defendants' RFJN for purposes of this Motion.

**II.**     **Discussion**

    *A.*     *Background*

      On March 22, 2006, Plaintiffs obtained a $257,000 mortgage loan from Countrywide Home Loans, Inc. ("CHL"), secured by a deed of trust ("DOT") to real property located at 27729 Sycamore Creek Drive, Santa Clarita, California 91354. (FAC ¶ 1). The DOT names ReconTrust Company, N.A. ("ReconTrust") as trustee and CHL as beneficiary. (FAC, Exh. D). Plaintiffs implicitly acknowledge that they are in default on their loan, stating: "Plaintiffs do not dispute that they owe money on their mortgage obligation." (FAC ¶ 34).

      The remaining facts of this action are in dispute. Defendants argue that after Plaintiffs defaulted on their loan, ReconTrust recorded a Notice of Default on November 1, 2010. (RFJN, Exh. B). Thereafter, on November 4, 2010, CHL recorded a Corporation Assignment of Deed of Trust granting

---

      [1] Plaintiffs attached to their FAC a copy of the Deed of Trust, which is identical to that in Exhibit A to Defendants' RFJN.

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6142-GHK (AJWx) | Date | December 19, 2011 |
|---|---|---|---|
| Title | *Robert Castro, et al. v. Bank of America Corporation d/b/a BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP, et al.* | | |

beneficial interest to BAC Home Loans Servicing, LP ("BACHLS").[2] On February 8, 2011, ReconTrust recorded a Notice of Trustee's Sale listing a sale date of March 2, 2011. (RFJN, Exh. D). Defendants do not state whether Fannie Mae ever had an interest in Plaintiffs' loan.

Meanwhile, Plaintiffs allege that their "Note was never assigned or transferred to Bank of America or Fannie Mae," yet Defendants "have made numerous attempts to collect mortgage payments from Plaintiffs." (FAC ¶¶ 1, 23). Plaintiffs further allege that because the "Mortgage was not sold, transferred or granted to any of the Defendants," Defendants "have no legal, equitable or pecuniary interest in the Note and Deed of Trust." (FAC ¶¶ 2, 20). Plaintiffs allege that "Defendants knowingly concealed their lack of an enforceable security interest by fabricating and recording false documents in the Los Angeles County Recorder's Office." (FAC ¶ 1). Plaintiffs further allege that Defendants have failed to adhere to a purported Pooling and Servicing Agreement that governs their loan. (FAC ¶ 18). Lastly, Plaintiffs allege that Defendants are guilty of "charging improper fees and miscalculating and misapplying payments to offset both principal and interest." (FAC ¶ 2).

Because this matter is before us on a Motion to Dismiss under Rule 12(b)(6), we must accept Plaintiffs' allegations as true.

### B.     *Claim #1: Violation of 15 U.S.C. § 1692e [Against Bank of America and Fannie Mae]*

The FAC alleges that Defendants violated §1692e(2)(A) and §1692e(5) of the Fair Debt Collection Practices Act ("FDCPA"). Section 1692e(2)(A) states that it is a violation for a debt collector to falsely represent "the character, amount, or legal status of any debt." Section 1692e(5) states that is a violation to threaten "to take any action that cannot legally be taken or that is not intended to be taken." Plaintiffs allege that Defendants are "debt collectors" under the FDCPA and that they violated these provisions by attempting to collect on Plaintiffs' debt obligation when they had no authority to do so.

Defendants move to dismiss this claim on three grounds. First, Defendants argue that they are not "debt collectors" under the FDCPA because "creditors, mortgagors and mortgage servicing companies are not 'debt collectors' and are exempt from liability under the Act." *Caballero v. Ocwen Loan Servicing*, No. C-09-01021 RMW, 2009 WL 1528128, at *1 (N.D. Cal. May 29, 2009). We must reject this argument, however, because we are required to take as true Plaintiffs' allegation that the Assignment of the Deed of Trust was fabricated, and therefore that the Defendants had no legal, equitable, or pecuniary interest in Plaintiff's mortgage. Without any interest in the mortgage, Defendants cannot be characterized as creditors or mortgagors of Plaintiffs' loan. Thus, their argument – at this stage of the case – fails.

---

[2] On July 1, 2011, BACHLS merged with Bank of America. Accordingly, Bank of America has responded to the allegations directed at BACHLS.

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6142-GHK (AJWx) | Date | December 19, 2011 |
|---|---|---|---|
| Title | *Robert Castro, et al. v. Bank of America Corporation d/b/a BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP, et al.* | | |

Second, Defendants argue that Plaintiffs' FDCPA claim fails because "[t]he law is clear that foreclosing on a property pursuant to a deed of trust is not a debt collection within the meaning of the [FDCPA]." *Gamboa v. Trustee Corps*, No. 09-0007 SC, 2009 WL 656285 (N.D. Cal. 2009) (citing *Izenberg v. ETS Services, LLC*, 589 F. Supp. 2d 1193, 1198-99 (C.D. Cal. 2008)). In response, Plaintiffs correctly note that they have alleged "specific non-foreclosure collection activities as the basis for [their] FDCPA claim." (Opp., Dkt. No. 28 at 13). For example, Plaintiffs allege that Defendants demanded and collected mortgage payments from them. (FAC ¶¶ 24, 27-28, 38-39, 47-49). Accordingly, we must reject Defendants' second ground for dismissal of the FDCPA claim.

Third, Defendants argue that Plaintiffs fail to allege any actual conduct that violated the FDCPA. We reject this argument because Plaintiffs have sufficiently pleaded violations of §1692e(2)(A) and §1692e(5) based on Defendants' alleged attempts to collect on Plaintiffs' debt obligation when they purportedly had no authority to do so. For the foregoing reasons, Defendants' Motion is **DENIED** as to Plaintiffs' first cause of action.

C. *Claim # 2: Violation of 15 U.S.C. § 1641(g) [Against Bank of America and Fannie Mae]*

Plaintiffs' second claim alleges that Defendants failed to provide Plaintiffs with notice of the assignment of their mortgage as required by the Truth in Lending Act ("TILA"), codified at 15 U.S.C. § 1641(g). Plaintiffs allege that to the extent Defendants purport to be "creditors" of Plaintiffs' loan they were required to comply with § 1641(g), which provides: "[N]ot later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer . . . ."

Defendants argue that this claim fails because Plaintiffs failed to allege detrimental reliance and actual damages. That is, Plaintiffs do not explain how they relied to their detriment on any alleged failure to provide notice of the assignment, and Plaintiffs do not explain how they suffered actual damages based on any such reliance. However, Plaintiffs correctly note that TILA also provides for statutory damages, as applicable here, in an amount "not less than $400 or greater than $4,000." 15 U.S.C. § 1640(a)(2)(A)(iv). Thus, Plaintiffs need not allege detrimental reliance or actual damages in order to state a claim under TILA.

Based on the foregoing, Plaintiffs adequately pleaded a TILA claim. Therefore, Defendants' Motion is **DENIED** as to Plaintiffs' second cause of action.

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6142-GHK (AJWx) | Date | December 19, 2011 |
|---|---|---|---|
| Title | *Robert Castro, et al. v. Bank of America Corporation d/b/a BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP, et al.* | | |

### D. Claim #3: Violation of 12 U.S.C. § 2605 [Against Bank of America]

Plaintiffs' third claim alleges that Defendants violated the Real Estate Settlement Procedures Act ("RESPA") by failing to review and investigate a qualified written request ("QWR") Plaintiffs submitted. Under 12 U.S.C. § 2605(e)(1)(A), "[i]f any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days . . . unless the action requested is taken within such period." Subsection 2605(e)(2) states that within 60 days of receipt of a borrower's QWR, the servicer shall: (1) "make appropriate corrections in the account of the borrower"; or (2) "after conducting an investigation, provide the borrower with a written explanation or clarification that includes . . . to the extent applicable, a statement of the reasons for which the servicer believes the account of the borrower is correct" or provide the "information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer."

A QWR, in turn, is defined as "a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that—(i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B).

Plaintiffs claim that they sent Bank of America a QWR on July 11, 2011, and attach this letter as Exhibit B to their FAC. They allege that the letter "contained information to enable Bank of America to identify Plaintiffs' Loan and also contained requests for information of the loan, specifically the identity and contact information of the creditor of Plaintiffs' Note, a complete loan history, accumulated late fees and charges, and requested information to verify the validity of the purported debt owed to Bank of America and/or Fannie Mae." (FAC ¶ 82). Plaintiffs allege that "Bank of America failed to respond to Plaintiffs' request 'within 60 days,' as required by § 2605, et seq." (FAC ¶ 83).

Defendants argue that this claim must be dismissed because "the document attached to the FAC demonstrates that Plaintiffs did not send a valid QWR." (Mot., Dkt. No. 26 at 17). They point out that the letter does not include a statement of the reasons for the Plaintiffs' belief that the account is in error, and they contend that a QWR must allege an error in the accuracy of the account or information with respect to the servicing of the loan.

However, as other courts have correctly noted:

> 12 USC § 2605(e)(1)(B)(ii) is written in the disjunctive: a QWR may include a statement of the reason, *to the extent applicable*, for the borrower's belief that the account is in error *or* provide sufficient detail to the servicer regarding *other information sought*." *See In re Pacific-Atlantic Trading Co.*, 64 F.3d 1292, 1302 (9th Cir. 1995) (citing *United States v.*

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6142-GHK (AJWx) | Date | December 19, 2011 |
|---|---|---|---|
| Title | *Robert Castro, et al. v. Bank of America Corporation d/b/a BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP, et al.* | | |

*Behnezhad*, 907 F.2d 896, 898 (9th Cir. 1990) (noting that when subsections are provided as "alternatives, separated by the word 'or,'" "a court should interpret the subsections written in the disjunctive as setting out separate and distinct alternatives.")). While 12 U.S.C. § 2605(e)(1)(B)(ii) presents two alternatives within the same subsection, the statute separates the alternatives with the word "or" and contemplates that a statement with respect to an account error may not be "applicable." In the event such a statement is not applicable, RESPA requires instead that the borrower "provide[] sufficient detail to the servicer regarding other information sought." 12 U.S.C. § 2605(e)(1)(B)(ii). The statute's reference to an "error" with respect to one alternative does not refer to or modify the second, separate and distinct alternative.

*Luciw v. Bank of America, N.A.*, No. 5:10-cv-02779-JF/HRL, 2010 WL 3958715, at *3 (N.D. Cal. Oct. 7, 2010).

Here, Exhibit B to the FAC requests, among other things, a complete loan history, accumulated late fees and charges, and an itemized statement of the amount needed to fully reinstate the loan. This is clearly "information relating to the servicing of [the] loan." To the extent Plaintiffs' July 11, 2011 letter requested this information, that letter was a valid QWR. While Plaintiffs' letter also appears to seek information beyond the servicing of the loan, "it is not clear that a written request cannot be a QWR simply because only some of the information sought is beyond the scope of the statute." *Id.* at * 3. Defendants do not address this issue. As such, we find that Plaintiffs submitted a valid QWR and therefore **DENY** Defendants' motion as to Plaintiffs' third cause of action.

 E. *Claim #4: Violation of California Business and Professions Code § 17200 ("UCL Claim") [Against Bank of America and Fannie Mae]*

California Business and Professions Code § 17200 prohibits "any unlawful, unfair, or fraudulent business act or practice." "The 'unlawful' practices prohibited by section 17200 are any practices forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 838-39 (1994). Here, as discussed above, because Plaintiffs have adequately pleaded their FDCPA, TILA, and RESPA claims, their UCL claim survives under the "unlawful" prong. Accordingly, we **DENY** Defendants' Motion as to Plaintiffs' fourth cause of action.

 F. *Claim #5: Breach of Contract [Against Bank of America and Fannie Mae]*

Plaintiffs' fifth claim alleges that Defendants breached section 2 of the DOT, which provides: "Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due." (FAC ¶ 127; FAC, Exh. D).

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6142-GHK (AJWx) | Date | December 19, 2011 |
|---|---|---|---|
| Title | *Robert Castro, et al. v. Bank of America Corporation d/b/a BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP, et al.* | | |

Defendants argue that the allegations in the FAC "lack any factual specificity and are wholly insufficient to state a claim for breach of contract." (Mot., Dkt. No. 26 at 21). We agree. Plaintiffs make the generic allegation that Defendants breached the DOT by "failing to apply payments . . . in the order of priority set forth in Section 2 [of the DOT]," (FAC ¶ 129), but Plaintiffs do not allege any specific payments that were allegedly misapplied or any facts supporting their conclusory allegation. Because Plaintiffs' breach of contract claim contains no specific factual allegations whatsoever, we conclude that it fails to "state a claim to relief that is plausible on its face." *Bell Atl.*, 550 U.S. at 570. The pleading standard of Federal Rule of Civil Procedure 8(a) is not satisfied by "naked assertion[s] devoid of further factual enhancement" or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (internal quotation marks omitted). Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* Based on the foregoing, we hereby **GRANT** Defendants' Motion as to Plaintiffs' fifth cause of action. Because Plaintiffs' Opposition does not point to any specific facts that could be alleged to support such a claim, Claim 5 is **hereby DISMISSED without leave to amend**.

> G.   *Claim #6: Breach of Implied Covenant of Good Faith and Fair Dealing [Against Bank of America and Fannie Mae]*

Plaintiffs' sixth claim for breach of implied covenant of good faith and fair dealing merely repeats the generic allegation raised in support of Plaintiffs' breach of contract claim: that "Defendants improperly applied mortgage payments." (FAC ¶ 139). As stated above, this conclusory allegation fails to state a claim to relief that is plausible on its face. Accordingly, we hereby **GRANT** Defendants' Motion as to Plaintiffs' sixth cause of action. Claim 6 is **hereby DISMISSED without leave to amend**.

### III.   Conclusion

In light of the foregoing, Defendants' Motion is **DENIED** as to Claims 1-4. Claims 5 and 6 are **DISMISSED with prejudice**. Defendants shall answer the surviving Claims **within fourteen (14) days hereof**. Fed. R. Civ. P. 12(a)(4)(A).

**IT IS SO ORDERED.**

  :  

Initials of Deputy Clerk   Bea